**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RUBIN JONES, | : | Civil Action No. 09-2647 (JAG) |
| Plaintiff, | : |  |
| v. | : | **O P I N I O N** |
| DEAN MAGLIONE, et al., | : |  |
| Defendants. | : |  |

**APPEARANCES:**

    RUBIN JONES, #293034B, Plaintiff <u>Pro Se</u>
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**GREENAWAY, JR.**, District Judge:

    Rubin Jones, a prisoner incarcerated at New Jersey State Prison, seeks to bring this action <u>in forma pauperis</u>, without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement and the apparent absence of three qualifying dismissals, pursuant to 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and direct the Clerk to file the Complaint without prepayment of the filing fee.[1] <u>See</u> 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint.

---

[1] Plaintiff is required to pay the filing fee in installment payments pursuant to 28 U.S.C. § 1915(b) because he is a "prisoner." <u>See</u> 28 U.S.C. § 1915(h).

## I.  BACKGROUND

Plaintiff brings this action against Essex County Prosecutors Paula Dow, Dean Maglione and Romesh Sukhdeo; the Essex County Prosecutor's Office; Public Defenders Yvonne Smith Segars and Edward Peranio; the New Jersey Public Defender's Office; the New Jersey Department of Corrections, and the State of New Jersey.  Plaintiff asserts that on January 5, 2003, he was arrested for the homicide of Devon Green.  He alleges that on November 5, 2004, while represented by Edward Peranio, he entered into a plea agreement with the "understanding that the sentence would be no more than 5-years." (Docket Entry #1 at p. 8.)  He further asserts that on January 24, 2005, Superior Court Judge Michael A. Petrolle sentenced him to a term of incarceration of 18-months, 8-months and 12-days, for aggravated manslaughter and possession of a weapon.[2]  Plaintiff maintains that he was not released after he served his time.  As a result, he filed a prison administrative remedy seeking release.  Prison officials informed him that the court had sentenced him to a 22-year term with an 85% period of parole ineligibility.  He now contends that defendants "conspired to make Plaintiff serve a sentence that he would have never agreed to serve." (Id.)  He asks this Court to order defendants to "Restore Plaintiff's sentence that he was sentenced to on January 24, 2005, by the Essex County Superior Court Judge Michael A. Petrolle, of '18-months [sic], 8-months and 12-days.'  And/or $500,000.00 dollars in U.S. Currency." (Id. at p. 9.)

Attached to the Complaint are the following documents:  Brief on Behalf of Plaintiff; Plaintiff's statement to Newark Police Department dated October 5, 2003; Plaintiff's Inmate

---

[2] The crux of Plaintiff's claim relies on his purported understanding that his sentence is indeed 18 months, 8 months and 12 days.

Remedy System Form dated October 3, 2008; Order of the New Jersey Superior Court dated December 5, 2008, denying Plaintiff's motion for leave to appeal and for the Department of Corrections to honor the trial court sentence in Jones v. Dept. of Corrections, Docket No. A-1289-8T1 (N.J. Super. Ct., App. Div., December 5, 2008); and transcript of sentence dated January 24, 2005, in State v. Jones, Ind. No. 04-03-1115 (N.J. Super. Ct., Law Div., January 24, 2005).

According to the sentencing transcript, Judge Petrolle imposed a 22-year sentence, with a parole ineligibility period of 18 years, eight months and 12 days.  See State v. Jones, Ind. No. 04-03-1115 transcript at p. 24 (N.J. Super. Ct., Law Div., January 24, 2005) ("you are committed to the custody of the Commissioner of the Department of Corrections of the State of New Jersey for the term of 22 years, during which you shall not be eligible for parole until you have served a term equivalent to 85 percent thereof, which subject to the precise calculations of the New Jersey State Parole Board, I estimate to be 18 years, 8 months and 12 days") (Docket entry #1-2 at p. 47).

The Appellate Division order denying Plaintiff's motion for the Department of Corrections to honor the trial court's sentence provides as follows:

> In his motion papers, defendant claims the trial court did not honor
> the sentence imposed, which defendant claims is two years, two
> months and twelve days for convictions of aggravated
> manslaughter and a weapons offense.  The supporting papers to
> defendant's motion, however, indicate that the sentence was
> twenty-two years with an eighty-five percent period of parole
> ineligibility.  Defendant has failed to document his claim with
> either his judgment of conviction or the appropriate portion of the
> sentencing transcript.  His unsubstantiated claim is insufficient to
> warrant the relief requested.

Jones v. Dept. of Corrections, Docket No. A-1289-8T1 order on motion (N.J. Super. Ct., App. Div., December 5, 2008) (Docket entry #1-2 at pp. 18-19).[3]

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915A(a).  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

   As for failure to state a claim, the Supreme Court recently refined the standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[4]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that

---

[3] Plaintiff's submissions do not indicate that he sought relief from the New Jersey Supreme Court, and this Court's electronic research did not reveal the existence of any order issued by the New Jersey Supreme Court in this matter.

[4] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

"[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Court identified two working principles underlying Twombly:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

The United States Court of Appeals for the Third Circuit instructed District Courts how to conduct the failure to state a claim analysis under Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F. 3d 203, 210-11 (3d Cir. 2009) (citations and internal quotation marks omitted); see also McTernan v. City of York, 577 F. 3d 521, 530 (3d Cir. 2009).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

5

Moreover, the Third Circuit instructs that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002).  With these precepts in mind, the Court must determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the

United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).  Liberally construing Plaintiff's allegations and accepting them as true, this Court reads Plaintiff's Complaint as seeking release and damages for incarceration beyond what he believes his sentence required.  The issue to resolve here is whether dismissal is required by 28 U.S.C. § 1915(e)(2)(B).

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court held that a person may not obtain equitable relief, under 42 U.S.C. § 1983, which results in a shortening of the duration of his or her incarceration.  See also Wolff v. McDonnell, 418 U.S. 539, 554 (1974).  The Preiser Court ruled that when person in custody is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500.  If an equitable remedy were available under § 1983 for a person challenging the fact or duration of his confinement, pursuant to a state judgment, then that person could evade the requirement contained in the federal habeas statute that he exhaust his federal claims before all levels of the state court prior to seeking federal intervention.  See 28 U.S.C. § 2254(b)(1), (c). The Supreme Court explained in Preiser:

> In amending the habeas corpus laws in 1948, Congress clearly required exhaustion of adequate state remedies as a condition precedent to the invocation of federal judicial relief under those laws.  It would wholly frustrate explicit congressional intent to hold that [inmates] could evade this requirement by the simple expedient of putting a different label on their pleadings.  In short, Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or

7

> length of their confinement, and that specific determination must
> override the general terms of § 1983.

Preiser, 411 U.S. at 489-90.

The equitable relief requested by Plaintiff in the instant Complaint - speedier release from incarceration - is not cognizable under § 1983. Plaintiff's exclusive federal remedy is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because Plaintiff's challenge to his confinement is not cognizable under § 1983, the Court is constrained to dismiss the claim for equitable relief under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

To the extent Plaintiff seeks damages for wrongful detention, the claim is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that, in order to recover damages for allegedly unconstitutional incarceration or detention, a § 1983 plaintiff must prove that the order of detention has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87. As the Supreme Court explained,

> a state prisoner's § 1983 action is barred (absent prior invalidation)
> - no matter the relief sought (damages or equitable relief), no
> matter the target of the prisoner's suit (state conduct leading to
> conviction or internal prison proceedings) - *if* success in that action
> would necessarily demonstrate the invalidity of the confinement or
> its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Because Plaintiff does not indicate that his 22-year sentence was reversed or overturned, his damage claim for wrongful detention is barred by Heck and will be dismissed.

8

There is no apparent basis by which Plaintiff could amend the Complaint to state a cognizable claim under § 1983, given the facts presented.  As such, this Court will not grant leave to file an amended complaint.

### IV.  CONCLUSION

For the reasons set forth above, this Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

This Court shall enter an appropriate Order.

Dated: February 16, 2010

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.